UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
WILLIAM SCHAFER, JR. by his father and
natural guardian William Schafer, Sr. and his
mother and natural guardian Janet Schafer,
WILLIAM SCHAFER, SR., JANET
SCHAFER for their son and for themselves,

                Plaintiffs,

             - against -

THE BOARD OF COOPERATIVE
EDUCATIONAL SERVICES OF NASSAU
COUNTY (NASSAU BOCES),

                Defendant.
----------------------------------------------------------X

**ORDER ON DEFENDANT'S MOTION IN LIMINE**

CV 06-2531 (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      This case involves the appropriateness of Defendants' placement of Plaintiff William Schafer, Jr. ("Billy Schafer"), a developmentally disabled child, in a "timeout room" at the Rosemary Kennedy School (the "Kennedy School"). The Kennedy School is operated by Defendant The Board of Cooperative Educational Services of Nassau County (Nassau BOCES) (hereinafter "BOCES" or "Defendant"). The claims that remain to be tried in this case are Plaintiffs' federal § 1983 Fourth Amendment claim and Plaintiffs' state law claims for false imprisonment, negligence, intentional infliction of emotional distress, and negligent infliction of emotional distress. DE 95 at 54-55.

      Before the Court at this time is Defendant's motion *in limine* seeking to exclude (1) regulations promulgated by the New York State Department of Education ("NYSDE") concerning the use of timeout rooms after Billy Schafer left the Kennedy School, and

(2) BOCES' new policies on the use of timeout rooms adopted in response to those regulations. Defendant contends that any references to these materials should be excluded pursuant to Federal Rule of Evidence 407 since they are evidence of subsequent repairs and remedial measures. Plaintiffs argue that the materials should not be excluded since they fall under the exception to Rule 407 for evidence that is used to prove the feasibility of precautionary measures. For the reasons that follow, Defendant's motion is DENIED with respect to the NYSDE regulations and GRANTED with respect to BOCES' new policies on timeout rooms.

There are two categories of evidence at issue here: (1) NYSDE regulations[1] and (2) BOCES' polices initiated in response to the promulgation of the Regulations. Beginning with the regulations, the Court concludes that this evidence is not barred by Rule 407. Federal Rule of Evidence 407 provides as follows:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
>
> • negligence;
>
> • culpable conduct;
>
> • a defect in a product or its design; or
>
> • a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or--if disputed--proving ownership, control, or the feasibility of precautionary measures.

---

[1] Defendant states that the regulations at issue went into effect on January 16, 2007. *See* Def's. Mem. at 5. The copy of the regulations provided to the Court, however, appears to be a version that was updated in April 2012. *See* Declaration of Vincent Nagler [DE 110], Ex. D.

The NYSDE regulations were implemented by the New York Commissioner of Education, not BOCES. *See* Nagler Decl., Ex. D at 1. "[C]ourts have unanimously held that Rule 407 does not bar evidence of subsequent remedial measures by non-defendants." *Lion Oil Trading & Transp., Inc. v. Statoil Marking and Trading (US) Inc.*, No. 08-CV-11315, 2011 WL 855876, at *7 (S.D.N.Y. Feb. 28, 2011); *see also Pau v. Yosemite Park & Curry Co.*, 928 F.2d 880, 888 (9th Cir. 1991); *World Boxing Council v. Cossell*, 715 F. Supp. 1259, 1267 (S.D.N.Y. 1989). Because the regulations were promulgated by a non-defendant, the Court finds that Rule 407 does not apply here.

The second category of evidence – BOCES' policies adopted in response to the new NYSDE regulations – is, however, barred by Rule 407. Although the Court could not locate any cases addressing this specific type of evidence, and neither Defendant nor Plaintiffs point to any, several cases are instructive by way of analogy. In *Hamilton v. City of New York*, an employment discrimination case, the Second Circuit ruled that the district court properly excluded evidence showing that the city employer changed its promotion policy after plaintiff challenged the city's decision with respect to his promotion, holding that such evidence "plainly runs afoul of Rule 407." 627 F.3d 50, 53 (2d Cir. 2010). Similarly, in *Peck v. Hudson City School District*, the court granted a motion *in limine* in a Title VII case, excluding evidence of changes in a school's sexual harassment policy subsequent to the filing of the plaintiff's complaint. 100 F. Supp. 2d 118, 122 (N.D.N.Y. 2000). Finally, in *Eng v. Scully*, a § 1983 excessive force case, the court held that Rule 407 applies to evidence of the Department of Corrections' changes in inmate handling procedures after the incident complained of and that such evidence was only admissible for impeachment or rebuttal purposes (exceptions to Rule 407). 146 F.R.D. 74, 81 (1993).

These cases stand for the proposition that evidence of a municipal entity's changes to its policies constitutes "subsequent remedial measures" within the meaning of Rule 407.

Defendant maintains that the Second Circuit "has not ruled on the applicability of Rule 407 to a civil rights case," suggesting that there is an open question whether Rule 407 applies to this case. *See* Def's. Mem. at 4 (citing *Eagleston v. Guido*, 41 F.3d 865 (2d Cir. 1994)). However, *Eaglston v. Guido* does not discuss whether Rule 407 applies to civil rights cases in general. The Second Circuit in *Eaglston* merely noted that while other courts have ruled Rule 407 does apply to policy changes in civil rights cases, the court would not reach the Rule 407 applicability question because the issue had not been briefed or considered by the district court. To the extent that Defendant raises an issue about the applicability of Rule 407 to this case (which would be somewhat unusual since this is Defendant's motion), the Court notes that the text of Rule 407 does not contain any limitation on the types of cases to which it applies. In fact, courts have frequently applied the Rule in civil rights cases. *See, e.g.*, *See Hamilton*, 627 F.3d 50; *Maddox v. City of Los Angeles*, 792 F.2d 1408, 1417 (9th Cir. 1986) (applying Rule 407 in § 1983 case); *Specht v. Jensen*, 863 F.2d 700, 701 (10th Cir. 1988) (same); *Peck*, 100 F. Supp. 2d 118; *Eng*, 146 F.R.D. 74.

Having concluded that Rule 407 bars the introduction of BOCES' policies adopted in response to the new NYSDE regulations, the next issue is whether an exception to Rule 407 applies. Plaintiffs argue that the exception for evidence related to the feasibility of precautionary measures does apply because BOCES' new policies demonstrate that "precautionary measures to protect students on whom time out rooms were used, such as Billy Schafer, were feasible and could have been implemented with ease by the defendants in this matter." Pls.' Mem. at 4. Rule

4

407 provides that "the court may admit . . . evidence [of subsequent remedial measures] for another purpose, such as . . . the feasibility of precautionary measures." The Second Circuit, however, has cautioned that "'feasibility' is not an open sesame whose mere invocation parts Rule 407 and ushers in evidence of subsequent repairs and remedies." *In re Joint Eastern Dist. and Southern Dist. Asbestos Litig.,* 995 F.2d 343, 345-46 (2d Cir. 1993); *Saltz v. Wal-Mart Stores, Inc.*, No. 10-CV-4687, 2012 WL 811500, at *6 (S.D.N.Y. March 7, 2012). Thus, in order for the exception to apply, feasibility must actually be a contested issue in the case. *Id*.

The Court finds that the feasibility of the implementation of BOCES' new policies is not a contested issue here. Therefore, the feasibility exception to Rule 407 does not apply. BOCES' new policies are not mentioned in the Complaint, BOCES Answer, the parties' Rule 56.1 Statements, or the parties' summary judgment briefs. Plaintiffs offer no support for an argument as to why feasibility is a contested issue here other than to state that the "April 1994 memorandum[2] and the subsequent remedial measures establish the standard of care which the Defendant should have adhered to." Pls.' Mem. at 94. This baseless assertion is not persuasive. First, Defendant does not seek to exclude the April 1994 memorandum from evidence. As to the subsequent remedial measures, the first time Plaintiffs asserted that these measures establish the standard of care applicable in this case was in their opposition to Defendant's motion *in limine*. Throughout this litigation, Plaintiffs have made numerous references to BOCES' failure to comply with the NYSDE regulations, guidelines, and polices governing the use of timeout rooms; however, they have never mentioned BOCES' compliance with the standards set forth in

---

[2] The "April 1994 memorandum" refers to the NYSDE Policy and Guidelines on the Use of Time Out Rooms issued in April 1994. *See* Nagler Decl., Ex. A.

5

its new timeout room policies.  *See* Compl. ¶¶ 59 ,60, 62-63, 161, 166; BOCES Mem. of Law in Supp. of Mot. for Summ. J. [DE 78] at 14 (citing Nagler. S.J. Decl. Ex. 10); Pl's. Mem. of Law in Opp'n to Mot. for Summ. J. [DE 84] at 4, 7, 8, 17-18 (citing Exs. FF & KK); Def's. Reply Mem. in Supp. of Mot. for Summ. J. [DE 94] at 4.  Indeed, with respect to the negligence claim, Plaintiffs specifically allege that the NYSDE guidelines and procedures establish the applicable duty of care.  *See* Compl. ¶ 161 ("Defendants further had a duty of care, to follow the guidelines and procedures set forth by the New York State Department of Education, as related to the use of Time-Out Rooms, as said procedures and guidelines set forth certain regulations to ensure the physical, psychological and educational safety of the students . . . .").  Since the feasability of BOCES' compliance with its new policies is not contested in this case, the exception to Rule 407 for evidence of feasibility does not apply.  *See In re Joint Eastern Dist. and Southern Dist. Asbestos Litig.,* 995 F.2d at 345-46 (holding that exception did not apply where defendant never argued that it was unable to issue a warning); *Saltz*, 2012 WL 811500, at *6 (same).

For the foregoing reasons, Defendant's motion to preclude is DENIED with respect to the NYSDE regulations and GRANTED with respect to BOCES' new policies on timeout rooms.

**SO ORDERED.**

Dated: Central Islip, New York
November 15, 2012

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge

6